UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN SCOTT ANDRE,<br><br>Defendant. | CASE NO. CR17-0315JLR<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA |

Before the court is Defendant Alan Scott Andre's motion to withdraw his guilty plea. (Mot. (Dkt. # 42).) Plaintiff United States of America opposes the motion. (Resp. (Dkt. # 43).) The court has reviewed the motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the motion.

---

[1] Mr. Andre requests oral argument on the motion. (*See* Mot. at 1.) However, the court finds that oral argument would not be of assistance in deciding the motion because the parties thoroughly briefed the legal issues involved. (*See id.*; Resp.); *see also* Local Rules W.D. Wash. LCrR 12(b)(9).

ORDER - 1

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant carries the burden to show a fair and just reason for withdrawal. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). "[T]he decision to allow withdrawal of a plea is solely within the discretion of the district court." *Id.*

Mr. Andre argues that, after the Supreme Court's decision in *Gundy v. United States*, --- U.S. ---, 139 S. Ct. 2116 (2019), "there still exists a viable question about whether charging pre-[Sex Offender Registration and Notification Act ('SORNA')] sex offenders under 18 U.S.C. § 2250 violates Article I, Section I of the United States Constitution and the non-delegation doctrine . . . ." (Mot. at 1-2); *see also* 34 U.S.C. § 20913(a). According to Mr. Andre, withdrawal of his guilty plea is warranted because *Gundy*, which was not decided by the full Court, "leaves open the possibility that a majority of the Court will reconsider the constitutionality of SORNA's delegation clause at some point in the foreseeable future . . . ." (Mot. at 8-9.) Relatedly, Mr. Andre argues that, before *Gundy*, "[he] had no legal precedent to rely on to challenge SORNA's delegation clause," and he should now be allowed to withdraw his guilty plea and assert a constitutional challenge to that provision. (*Id.* at 9.)

The court finds Mr. Andre's argument that the Supreme Court may reconsider *Gundy* to be speculative and insufficient to establish a fair and just reason for withdrawal of his guilty plea. (*See id.* at 7-9.) The court further concludes that Mr. Andre could have, but did not, challenge SORNA's delegation clause before *Gundy* was decided. Mr.

Andre therefore fails to carry his burden to show a fair and just reason for withdrawal of his plea. *See Nostratis*, 321 F.3d at 1208.

For the foregoing reasons, the court DENIES the motion (Dkt. # 42).

Dated this 15th day of August, 2019.

The Honorable James L. Robart
U.S. District Court Judge

ORDER - 3